ENTERED
09/25/2008

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| BOBBY GREEN and | ) | CASE NO. 08-32694-G3-7 |
| YURIDIA GREEN, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Reaffirmation Agreement" (Docket No. 22) filed by First Franklin Corporation ("FFC") with respect to the Debtors' debt to FFC. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered approving the Reaffirmation Agreement. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Bobby Green and Yuridia Green ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 30, 2008.

On July 31, 2008, FFC filed the instant reaffirmation agreement. In the agreement, Debtors agree to reaffirm a $76,347.16 debt to FFC, secured by real property located at 2703 Marshall St., Pasadena, Texas.

Debtors' statement in support of the reaffirmation agreement indicates income of $2,163.73 and expenses of $2,793.96.

A discharge was entered on August 6, 2008, six days after the reaffirmation agreement was filed.

Due to a clerical error, the hearing on the instant reaffirmation agreement was set for September 10, 2008.

Bobby Green testified credibly at the hearing that Debtors are able to make the payments called for under the instant reaffirmation agreement.

### Conclusions of Law

Interim Bankruptcy Rule 4008 provides:

> Not more than 30 days following the entry of an order granting or denying a discharge, or confirming a plan in a Chapter 11 reorganization case concerning an individual debtor and on not less than 10 days notice to the debtor and the trustee, the court may hold a hearing as provided in § 524(d) of the Code.  A motion by the debtor for approval of a reaffirmation agreement shall be filed before or at the hearing.  The debtor's statement required under § 524(k) shall be accompanied by a statement of the total income and total expense amounts stated on schedules I and J.  If there is a difference between the income and expenses amounts stated on schedules I and J and the statement required under § 524(k), the accompanying statement shall include an explanation of any difference.

Under Bankruptcy Rule 9006, the time for hearing a reaffirmation agreement may be enlarged, where the failure to act was the result of excusable neglect.  See In re Nikokyrakis, 109 B.R. 260 (Bankr. N.D. Ohio 1989).

Interim Bankruptcy Rule 4008 will be amended, effective December 1, 2008, to make this rule less difficult for detbors and creditors to comply with.

In the instant case, any neglect on the part of the Debtors is excusable, in light of the clerical error in the office of the Clerk, setting a hearing more than 30 days after the entry of discharge.  The court concludes that the instant reaffirmation agreement should be approved.

Based on the foregoing, a separate Judgment will be entered approving the Reaffirmation Agreement.

Signed at Houston, Texas on September 25, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE